UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAITLIN LAMARR Individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>GOSHEN HEALTH SYSTEM, INC. d/b/a GOSHEN HEALTH,<br><br>     Defendant. | No. 1:23-cv-01173-JRS-MJD |

**Order on Motion to Remand**

### I. Introduction

This is a data privacy case. Kaitlin Lamarr (for a putative class) alleges that a website-tracking "pixel" embedded in a hospital's patient portal shared her health data without her consent. The case is substantively identical to *Elkins v. Southeastern Indiana Health Management Inc.*, 1:23-cv-01117-JRS-TAB, also pending before this Court. Just as in the earlier-filed case, the hospital defendant, Goshen Health in the instant case, removed the case from state court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, and 28 U.S.C. § 1331, the federal question statute. Now before the Court is Lamarr's Motion to Remand, (ECF No. 14), and Goshen's Motion to Dismiss, (ECF No. 25). The Court's discussion of the issues follows its disposition of *Elkins*.

## II. Discussion

### A. Federal Officer

Under 28 U.S.C. § 1442(a), federal officers and their deputies may remove state lawsuits to federal court to vindicate a federal defense. "[R]emoval is appropriate when 'the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense.'" *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020) (quoting *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018)).

Historically, federal officer removal was intended "to protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)) (cleaned up). And that purpose applies equally to federal officers' assistants or deputies. *Id.* at 151. So, for example, a private individual driving prohibition agents to a distillery raid is "acting under" the agents, *id.* at 150 (citing *Maryland v. Soper (No. 1)*, 270 U.S. 9, 46 (1926)), and an army corporal is "acting under" a revenue agent when he helps the agent besiege a distiller's moonshine operation, *id.* at 149 (citing *Davis v. South Carolina*, 107 U.S. 597, 600 (1883)).

Here, Goshen asserts that it "act[ed] under" a subdivision of the U.S. Department of Health and Human Services by creating an online patient portal that satisfied the criteria for Medicare incentive payments. That is not the direct deputy relationship that historically allowed for federal officer removal. If one asks, "is a private hospital effectively a government agent when it makes a website to earn incentive payments?" the *prima facie* answer is "absolutely not." Other district courts to have considered the issue reach the same conclusion. *See Martin v. LCMC Health Holdings, Inc.*, No. CV 23-411, 2023 WL 4540547, at *4 (E.D. La. July 5, 2023) (discussing emerging consensus view that federal officer removal is not appropriate, independently analyzing issue, and concluding that allowing federal officer removal on these facts "is inconsistent with the constitutional role of the federal courts."). But there is conflicting authority to complicate the issue in the Seventh Circuit.

The Supreme Court in *Watson* held that mere compliance with federal law and regulation is not "acting under" a federal official. *Id.* at 153. In dicta, though, the Court went on to say that a private contractor might be "acting under" the federal government when it "is helping the Government to produce an item that it needs." *Id.* The Court approved the Fifth Circuit's holding in *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), that a manufacturer producing Agent Orange for the government, according to government specifications and under threat of criminal sanctions, was "acting under" the government for federal officer removal purposes. *Watson*, 551 U.S. at 153–54.

3

The Seventh Circuit picked up the Supreme Court's suggestion that private contractors might sometimes be "acting under" the federal government. In *Ruppel v. CBS Corp.*, the court held that a manufacturer was "acting under" the federal government when it produced turbines for an aircraft carrier according to government specifications. 701 F.3d 1176, 1181 (7th Cir. 2012). The court found that "CBS worked hand-in-hand with the government, assisting the federal government in building warships," and noted that "'[a]cting under' covers situations, like this one, where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Id.* In *Betzner*, the court quoted that conclusion from *Ruppel* and held that a manufacturer was "acting under" federal officers when it "contracted to manufacture heavy bomber aircraft for the United States Air Force." *Betzner,* 910 F.3d at 1015. And in *Baker*, the court held that a wartime manufacturer of raw materials for the government was "acting under" federal authority. *Baker*, 962 F.3d at 942. The court justified the line of military-contractor cases by returning to *Watson*'s dicta: "where a private contractor helps 'the Government to produce an item that it needs[,] [t]he assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks.'" *Id.* (quoting *Watson*, 551 U.S. at 153).

At least in some cases, then—in particular, those where a wartime manufacturer is making goods under contract for the U.S. government—"private contractors performing tasks for the government are sometimes covered under section 1442."

4

*Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590 (7th Cir. 2016). But it is possible to "take this idea too far." *Id.* Only those contractor relationships that are "closely monitored and highly regulated" satisfy the "acting under" requirement. *Id.* Recall that *Watson*, dicta aside, holds that though a "federal regulatory agency directs, supervises, and monitors a company's activities in considerable detail," that relationship does not mean the company "acts under" the agency. *Watson*, 551 U.S. at 145. The Seventh Circuit holds that a nursing home seeking Medicare reimbursement falls into the highly-regulated-but-not-acting-under category. *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1213 (7th Cir. 2022) (citing *Blum v. Yaretsky*, 457 U.S. 991 (1982)).

Goshen is more like the nursing home in *Martin* than like the wartime contractors in *Ruppel*, *Betzner*, and *Baker*. Its patient portal is not something the government "needs," *Baker*, 962 F.3d at 942 (quoting *Watson*, 551 U.S. at 153), nor is the maintenance of electronic health records a "basic governmental task," *id.* Goshen Health is exactly what it looks like: a private hospital. And "[p]rivate firms retain their private character even when many aspects of their conduct are controlled by federal statutes and rules." *Martin*, 37 F.4th at 1213.

Because Goshen is not "acting under" the Department of Health and Human Services by maintaining its patient portal, federal officer removal is not appropriate under 28 U.S.C. § 1442(a)(1). The Court need not address the other elements of the statutory test.

5

B. Federal Question

Lamarr advances only state-law theories in her Complaint, (ECF No. 1-2),[1] so, under the usual well-pleaded complaint rule, there is no federal question jurisdiction under 28 U.S.C. § 1331. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Goshen argues that this case fits into the *Grable* exception to that rule, which admits of federal-question jurisdiction where a federal issue will control an otherwise state-law claim. Under that exception, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Goshen argues that there is a "federal issue" at stake here because Lamarr might use HIPAA violations to prove liability under her state-law theories. That issue does not fit through *Grable*'s narrow door. The Supreme Court has already rejected the idea that a federal regulatory scheme, itself lacking a private right of action, can provide federal-question jurisdiction when a state-law case uses the regulatory standards as evidence of liability. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S.

---

[1] Lamarr has filed an "Amended Complaint," (ECF No. 23), in this Court while her own motion to remand was pending. The Court, comparing the two pleadings—a task made more difficult by the Complaints' incredible (and unnecessary) prolixity, *see* Fed. R. Civ. P. 8(a)(1) (calling for a "short and plain" statement); Ind. R. Tr. P. 8(a)(1) (same), and by Goshen's decision to submit a crooked scanned copy of the removed Complaint instead of a clean electronic version—can find no substantive changes. The Amended Complaint is, in any case, irrelevant, because the Court in evaluating remand considers the Complaint operative at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994) (citing *Pullman*).

804, 817 (1986). And even if it had not, the HIPAA question is not "necessarily raised" by any one of Lamarr's state law theories, much less all of them. A jury could, for instance, find that the tracking pixel breached an implied contract of data privacy without regard to the standards of patient health data as defined in HIPAA.

The lack of a single *Grable* element is dispositive; 28 U.S.C. § 1331 jurisdiction is not warranted here.

### C. Attorney Fees

While the Court has the power to award Lamarr attorney fees under 28 U.S.C. § 1447(c) for prevailing on her motion to remand, such an award is only appropriate where "clearly established law" demonstrates there was no basis for removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). The Court thinks Goshen's federal officer argument, while not successful, was at least colorable in light of the Seventh Circuit's military-contractor cases, and so the Court declines to award attorney fees.

### III. Conclusion

Lamarr's Motion to Remand, (ECF No. 14), is **granted,** except as to attorney fees, and this case is **remanded** to Marion County Superior Court. This Court relinquishes jurisdiction, and so Goshen's Motion to Dismiss, (ECF No. 25) is **denied, without prejudice** to the conduct of proceedings in the state court.

The clerk is directed to **close** the federal case.

**SO ORDERED.**

Date: 10/12/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Mary Kate Dugan
Cohen & Malad, LLP
mdugan@cohenandmalad.com

Michelle R. Gomez
Baker & Hostetler LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
Baker & Hostetler LLP
pkarlsgodt@bakerlaw.com

Emily Davin Kopp
Cohen & Malad, LLP
ekopp@cohenandmalad.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com