**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KAITLIN LAMARR, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GOSHEN HEALTH SYSTEM, INC. D/B/A GOSHEN HEALTH<br><br>Defendant. | Civil Action No.: 1:23-cv-01173-JRS-MJD |

**MOTION TO REOPEN CASE, STAY REMAND ORDER PENDING APPEAL, AND RECALL REMAND LETTER TO STATE COURT**

Defendant Goshen Health System, Inc., d/b/a Goshen Health ("Defendant"), respectfully moves this Court to reopen this case, stay the Court's October 12, 2023, remand order (Doc. 33) (the "Order"), and recall its mailing to the State court (Doc. 34) and in support of this Motion states as follows:

## I. INTRODUCTION

When this Court entered the Order remanding this action to State court, mailed remand instructions to the State court, and closed the case, it acted prematurely. Federal Rule of Civil Procedure 62(a) provides for a thirty day stay on judgments and proceedings after entry. And, the Order is subject to this stay given Defendant's right of appeal with respect to the Order. *See* 28 U.S.C. § 1447(d) (providing exception to the general rule that remand orders are not reviewable on appeal (an order remanding a case to the State court from which it was removed pursuant to section 1442 or section 1443 "***shall*** be reviewable by appeal or otherwise") (emphasis added). For these reasons, and those below,

Defendant respectfully requests that this Court reopen this case, stay the Order, and recall its remand mailing to the State court.[1] Plaintiff has stated they are opposed to this request.

Defendant, here, created contemporary and interactive health care websites in response to the federal government's directive to modernize this Nation's health information technology infrastructure. Defendant's websites drive increased web traffic from, and optimize engagement with, patients and the public. Plaintiff alleges that Indiana law prohibits Defendant's conduct in response to the federal government's initiatives. In essence, Plaintiff seeks judicial review of Defendant's compliance with federal directives to create modern web platforms for patient engagement.[2] As such, and despite the Order, jurisdiction is proper in this Court under the federal officer removal statute. 28 U.S.C. § 1442. This Court's remand order must be stayed pending appeal. *See* Fed. R. Civ. P. 62(a) (providing for stay of any judgment for thirty days).

## II. <u>PROCEDURAL HISTORY</u>

On May 26, 2023, Plaintiff filed this action in the Indiana Commercial Court, Marion County, Indiana. On July 5, 2023, Defendant timely removed the action to this Court. On August 4, 2023, Plaintiff filed a motion to remand this action to the State court, which Defendant opposed on August 18, 2023. Subsequently, on August 30, 2023, Plaintiff filed an Amended Complaint. Defendant moved to dismiss the Amended

---

[1] Defendant will concurrently file a notice in the State court action in the Superior Court of Marion County, Indiana, advising the State court that Defendant intends to appeal this issue to the Seventh Circuit. Because this Court prematurely remanded this case, the State court does not have jurisdiction to proceed. However, in the even the State court determines that it does have jurisdiction, Defendant will seek a stay of the state court proceedings to allow this jurisdictional issue to be resolved in the federal forum.

[2] The issue that Defendant will raise on appeal is not only jurisdictional but is becoming increasingly important given the number of health care providers nationwide that are facing liability for alleged website privacy violations, including in this state and in the U.S. District Court for the Southern District of Indiana. *See, e.g., Whitaker-Pine v. Board of Trustees of the Flavius J. Witham Memorial Hospital,* Case No. 1:23-cv-01080-TWP-MJD*; Fleece v. Board of Trustees of the Hancock Regional Hospital*, Case No. 1:23-cv-01235-MPB-TAB; *Chiaro v. The Methodist Hospitals, Inc.*, Case No. 1:23-cv-01051-SEB-CSW.

Complaint on September 13, 2023. On October 12, 2023, this Court entered the Remand Order and mailed a remand letter and instructions on remand to the Superior Court of Marion County, Indiana, which was received by the State court on October 23, 2023. Doc. 35. On November 10, 2023, Defendant filed their Notice of Appeal to the Seventh Circuit Court of Appeals. Doc. 36.

## III. ARGUMENTS AND AUTHORITIES

This Court's remand and closing of the case was premature. Rule 62(a) provides that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise". Fed. R. Civ. P. 62(a). Rule 54(a) defines a "judgment" as "a decree **and any order from which an appeal lies**." Fed. R. Civ. P. 54(a) (emphasis added). And, Defendant maintains a right of appeal under the federal officer removal statute. *See* 28 U.S.C. § 1447(d). As the Supreme Court has explained: "So before a civil rights case is returned to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order." *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1546 (2021) (emphasis in original). As such, the Court's actions subsequent to the Order (sending its mailing to the State court and closing this case) were premature.

Numerous courts have stayed cases for 30 days to allow Defendant to exercise their right of appeal in similar situations, and this Court should do the same. *See, e.g., West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) ("an order remanding a case which

had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *Walker v. Arbor Mang't Servs., LLC*, 2022 WL 1877384, at *13 (N.D. Ga. Nov. 17, 2022) (same; "the Court **STAYS** the remand order for **30-days** to allow Defendants to exercise their right to appeal") (emphasis in original); *Tennessee ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018) (same; "Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a 'judgment' is defined as 'any order from which an appeal lies,' it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *compare Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (same for immediate appellate right for remand order under 12 U.S.C. § 1819(b)(2)(C))("Once the FDIC appealed, a stay order should have been issued.")).

As such, this matter should be stayed, and not remanded, until the Seventh Circuit decides the issue, as many other district courts have done in recent pixel cases involving removal under the federal officer statute. *See, e.g.*, *Mohr v. Trustees of the University of Pennsylvania,* Case No. 2:23-cv-00731-CFK, filed in the United States District Court for the Eastern District of Pennsylvania, ECF No. 23 (Order staying remand pending the Third Circuit's decision); *Jacqueline Horton v. Willis-Knighton Medical Center,* Case No. 1:23-cv-00314-TAD-JPM, filed in the United States District Court for the Western District of Louisiana, ECF No. 44 (Order staying case and vacating remand order pending appeal to the Fifth Circuit); *John Doe v. SSM Health Care Corp. d/b/a SSM Health*, filed in the United States District Court for the Eastern District of Missouri, ECF No. 32 (Order staying decision on remand and recalling notice of remand sent to state court); *John Doe*

*and Jane Doe v. Mosaic Health System and Heartland Regional Medical Center d/b/a Mosaic Life Care*, Case No. 5:23-cv-06008-JAM, filed in the United States District Court for the Western District of Missouri, ECF No. 33 (Order reopening case and allowing 30-day stay of execution of remand order, recalling remand letter sent to Circuit Court of Buchanan County, and ordering the stay of the federal case to remain in place until resolution by the Eighth Circuit Court of Appeals).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court reopen and stay this case and further recall the correspondence regarding remand sent to the Superior Court of Marion County, Indiana, pending resolution of Defendant's appeal to the Seventh Circuit.

Respectfully submitted this 10th day of November, 2023.

/s/ *Philip R. Zimmerly*
Philip R. Zimmerly (30217-06)
Tyler Moorhead (34705-73)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (Fax)
PZimmerly@boselaw.com
TMoorhead@boselaw.com

Paul G. Karlsgodt
Michelle R. Gomez
BAKER & HOSTETLER LLP
1801 California Street, Ste. 4400
Denver, CO 80202
Tel: (303) 861-0600
Fax: (303) 861-7805
MGomez@bakerlaw.com
PKarlsgodt@bakerlaw.com

*Attorneys for Defendant, Goshen Health System, Inc. d/b/a Goshen Health*

## CERTIFICATE OF SERVICE

I hereby certify this 10th day of November, 2023, that I have electronically filed a copy of the foregoing Motion to Reopen Case and Stay Remand Order Pending Appeal with the Court today, causing notice of the same to be served on all counsel of record via CM/ECF.

*/s/ Philip R. Zimmerly*
Philip R. Zimmerly

4669104