UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAITLIN LAMARR Individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-01173-JRS-MJD |
| GOSHEN HEALTH SYSTEM, INC. d/b/a GOSHEN HEALTH, | ) ) ) ) | |
| Defendant. | ) | |

**Order on Motion to Reopen and Stay**

This data privacy case was remanded to Marion County Superior Court. (Order, ECF No. 33.) Goshen appealed the Remand Order, (Notice of Appeal, ECF No. 36), and now asks the Court to stay the remand order retroactively to allow for that appeal, (Motion, ECF No. 37).

Goshen argues that the Court should have ordered a 30-day stay under Rule 62(a), or, alternately, that Rule 62(a) automatically entered a stay. (M. to Reopen and Stay 3, ECF No. 37.) The Court accepts, for the purposes of argument, Goshen's contention that a remand order is in fact a "judgment" under Rule 62 and that the remand it effectuates is a "proceeding to enforce" that judgment—though a remand order, even an appealable one, is of course unlike an executable judgment in key respects; the choice of a federal or state forum is a skirmish preliminary to actual decision on the merits. *Accord BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, ___, 141 S. Ct. 1532, 1542–43 (2021) (discussing policy implications of appellate review of remand orders).

The Court could have been more clear: its remand order, (ECF No. 33), did in fact direct immediate remand, and that direction was faithfully carried out by the clerk. So, to the extent that the order implicates Rule 62, the Court "order[ed] otherwise" than the usual 30-day stay. *See* Fed. R. Civ. P. 62(a) (imposing an automatic stay "unless the court orders otherwise").

The Court's reasons for directing immediate remand are implicit in its prior order. Foremost among them is Goshen's questionable attempt, as a private hospital, to invoke federal officer removal—a device intended to prevent state interference with federal law enforcement—for a dispute about web marketing. Goshen escaped the imposition of fees under 28 U.S.C. § 1447(c) only because of the demanding "clearly established law" standard and some miscellaneous cases that might charitably have been read to apply to its case. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Second, Goshen is unlikely to face prejudice in state court. It is not a federal agent; it is a private hospital, with Indiana citizenship and a large presence in the state. The state court, "coequal" with this Court, is "fully capable" of conducting the litigation and determining the case on its merits. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 528 (7th Cir. 2021). By corollary, there is no harm to either party for the litigation to carry on in state court while the remand order is reviewed on appeal. The same things would be happening in either place; it does not matter where.

Third, Lamarr and her putative class have a legitimate interest in continuing. Delay here only benefits Goshen. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140

(2005) (disapproving unfounded removal as a means of imposing additional costs on the plaintiff and the judiciary); *Matter of Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997) (discussing economics of prejudgment interest).

The Court's job is to "focus litigation on the merits." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Here, that meant remanding the case to state court, without a stay, so it can proceed in what this Court thinks to be the appropriate forum. If the Seventh Circuit decides that the case belongs here, it will return, none the worse for its brief detour. Goshen's Motion, (ECF No. 37), is **denied.**

**SO ORDERED.**

Date: 02/21/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Mary Kate Dugan
Cohen & Malad, LLP
mdugan@cohenandmalad.com

Michelle R. Gomez
Baker & Hostetler LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
Baker & Hostetler LLP
pkarlsgodt@bakerlaw.com

Emily Davin Kopp
Cohen & Malad, LLP
ekopp@cohenandmalad.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

James Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
gstranch@stranchlaw.com

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com